# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:04CR00100-002 |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **FRANK BALLARD SMITH,** ) | By:  James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

In this unusual case, the defendant, Frank Ballard Smith, a federal inmate sentenced by this court, has filed a motion seeking relief under Rule 60(b) or in the alternative under Rule 59(e), from a prior order that that reduced one of his sentences under 28 U.S.C. § 2255.  As it turned out, the reduced sentence in turn reduced his good conduct time as calculated by the Bureau of Prisons, thus increasing his total sentence beyond the reduction received.  The United States sympathizes, but it does not believe that there is any means of relief.  For the reasons stated, I will deny the motion.

The defendant was sentenced by this court on June 23, 2005, for possession of a firearm by a convicted felon and an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(1), (g)(3).  After determining that he was subject to

the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the court sentenced Smith to an enhanced term of 180 months imprisonment. Smith was in primary state custody at the time, and he was thereafter sentenced by a Virginia state court to a 15-year total sentence on February 27, 2006. He was then obtained by writ by the federal prosecutor in this district and on May 17, 2006, this court sentenced him to a 37-month sentence for attempt escape, to be served consecutive to any prior state or federal sentence. Case No. 1:05CR00062, ECF No. 111. He was then returned to state custody to serve his 15-year state sentence.

Smith satisfied his state sentence in 2018 and was transferred to federal prison custody to begin service of his two sentences imposed by this court. By letter of November 13, 2018, the Bureau of Prisons inquired of this court whether it intended that the 180-month sentence imposed on June 23, 2005, should run concurrently or consecutively with the 15-years stated sentence imposed thereafter, as permitted by *Setser v. United States*, 566 U.S. 231, 237 (2012). Letter to Court, ECF No. 56.

The court appointed the Federal Public Defender to represent the defendant in this matter, and after briefing on the issue, and by letter of May 4, 2019, with the government not objecting, the court advised the Bureau of Prisons that a retroactive designation should be made by it so that the defendant's federal sentence of 180 months imposed on June 23, 2005, should run concurrently with his February 27, 2006, sentence by a Virginia court. Letter to Bureau of Prisons, ECF No. 63.

Thereafter, the defendant, represented by the Federal Public Defender, filed the § 2255 motion that is the subject of the present question. The § 2255 motion sought to reduce the ACCA sentence based upon the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government did not object, and I granted the motion on May 18, 2020, and reduced the defendant's firearm sentence from 180 months to 120 months. His consecutive 37-month escape sentence was undisturbed.

As explained in the present motion, counsel for Smith mistakenly believed that a reduction in Smith's firearm sentence would result in his immediate release. Instead, because of the reduction, the Bureau of Prisons recalculated Smith's earned good time credit and accordingly he lost 270 days of such credit.[1] His projected release date is now February 24, 2021.[2]

Rule 59(e) of the Federal Rules of Civil Procedure provides that a court may alter or amend a judgment if the movant shows either: (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice. *Ingle ex rel. Estate of Ingle v.*

---

[1] Federal inmates are eligible to earn up to 54 days of credit per year. 18 U.S.C. § 3624(b)(1). Smith's sentence was reduced by five years and thus he lost credit for 54 days for each of those years, for a total of 270 days.

[2] Of course, before the decision to retroactively run his federal firearm sentence concurrently with his state sentence, his federal release date was April 12, 2034. Letter to Court 2, ECF No. 56.

*Yelton,* 439 F.3d 191, 197 (4th Cir. 2006).  The defendant presumably contends that there would be a manifest injustice if I do not vacate my prior § 2255 order.  While the Bureau of Prisons' recalculation of good time credit has increased the defendant's custodial period and thereby negated his goal in seeking a sentence reduction, it does not follow that there has been a clear error of law or a manifest injustice.  As the government points out, to reinstate Smith's former criminal judgment would be to impose an unconstitutional sentence.  While it is true that some defendants may be procedurally precluded from attacking sentences that would otherwise be  found unconstitutional or may through ignorance or inadvertence fail to obtain relief from unconstitutional confinement, it is a different matter for the court by affirmative and knowing act to impose an unconstitutional sentence.

Rule 60(b) of the Federal Rules of Civil Procedure, also relied upon, provides that relief may be obtained from a final judgment on grounds including "mistake, inadvertence, surprise, or excusable neglect" as well as "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).  Normally, mistakes of counsel are not grounds for relief under Rule 60(b). 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2858 (2012);  *Sloan v. Bertelsmann Music Grp., Inc.*,  No. 92-1825, 1993 WL 359470, at *1 (4th Cir. Sept. 16, 1993) (unpublished).  In any event, the

strategy of counsel here, while it did not turn out as hoped, certainly does not constitute the type of error that would justify relief.[3]

In might be argued that the Bureau of Prisons erred in recalculating Smith's good time credit, but this issue must be raised first with the Bureau of Prisons. *Joshua v. United States*, No. 2:02CR28, 2018 WL 8803960, at *2–3 (E.D. Va. Jan. 24, 2018) (also noting that while the court has discretion to revoke earned-release credit pursuant to 28 U.S.C. § 1932, "that authority does not likewise allow the court to *award* earned-release credit"); *see also United States v. Wilson*, 503 U.S. 329, 331–36 (1992). The record includes correspondence between the defendant's counsel and one of the Bureau of Prisons' Senior Counsel about the calculation change due to the loss of good conduct time, but this is likely not sufficient to satisfy the administrative process. In addition, the defendant's challenge of a Bureau of Prison's determination must be filed in the district court in which he is confined, not the sentencing court. *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (holding that a "claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be

---

[3] It is also suggested that if the court would now run the 37-month attempted escape sentence concurrent with a portion of the state sentence, that would reduce Smith's current time, but I know of no way that I can modify a valid sentence at this point. *See* 18 U.S.C. § 3582(c).

sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court.").

For these reasons, it is **ORDERED** that the defendant's Motion, ECF No. 69, is DENIED.

ENTER: July 21, 2020

/s/  JAMES P. JONES
United States District Judge